RECEIVED
MAR 26 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASHLEY MCMASTER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-5100 (MAS) (TJB) |
| EASTERN ARMORED SERVICES, INC., | : **MEMORANDUM OPINION** |
| Defendant. | : |

**SHIPP, District Judge**

    Plaintiff Ashley McMaster ("Plaintiff") filed a Complaint individually and on behalf of all similarly-situated employees on August 26, 2011, against Defendant Eastern Armored Services, Inc. ("Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"). (Compl., ECF No. 1.) This matter comes before the Court upon Plaintiff's Motion for Summary Judgment. (Pl.'s Mot., ECF No. 36.) Defendant Eastern Armored Services, Inc. ("Defendant"), also moved for Summary Judgment. (Def.'s Mot., ECF No. 37.) Both parties have submitted Oppositions and Replies to said Motions. (ECF Nos. 38, 40, 41, 43.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, and other good cause shown, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED.

I.  **Background**

The material facts in this case are undisputed. Defendant provides "'armored courier transport, same day credit, cash/coin processing, vaulting services, [and] customer security consulting' services throughout 'the State of New Jersey, the Eastern region of Pennsylvania, New York City and surrounding areas, and parts of Delaware.'" (Compl. ¶ 7, ECF No. 1.) Plaintiff worked for Defendant from approximately March 2010 until June 2011. (*Id.* ¶ 9.) During the course of her employment, Plaintiff worked on commercial vehicles (vehicles weighing 10,001 pounds or more) and non-commercial vehicles (vehicles weighing 10,000 pounds or less). (Pl.'s SUMF ¶¶ 12-13, ECF No. 31-1.) She was paid an hourly wage which ranged from $11.00/hour to $12.25/hour. (Compl. ¶ 16.) Plaintiff worked over forty (40) hours in a given workweek on a consistent basis. (*Id.* ¶¶ 17-18.) Defendant did not pay its employees, including Plaintiff, any overtime premium for time worked in excess of forty (40) hours in a given workweek. (*Id.* ¶ 19.)

Plaintiff contends that she and other class members are covered employees entitled to the Fair Labor Standard Act's ("FLSA") protections. (*Id.* ¶ 25.)  Specifically, Plaintiff alleges that "Defendant violated the FLSA by failing to pay Plaintiff and other class members overtime premium compensation for hours worked in excess of 40 during the workweek." (*Id.* ¶ 28.)

Defendant concedes that it is an employer covered by the FLSA. (Def.'s Answer ¶ 5, ECF No. 7.) Defendant stipulates that Plaintiff was paid "straight time" wages for the time she worked over forty (40) hours in a given workweek. (Def.'s SUMF ¶¶ 41, 44, ECF No. 37-1.) Defendant further stipulates that Plaintiff worked on non-commercial vehicles 49% of the time she was employed by Defendant. (Def.'s Opp'n Br. 4, ECF No. 38.)

Twenty-five additional opt-in plaintiffs have raised claims similar to Plaintiff's. Those claims are not at issue in the Parties' current motions. Pursuant to the July 5, 2012 Order issued by the Honorable Tonianne J. Bongiovanni, U.S.M.J., Plaintiff McMaster's claim was to be resolved

prior to the other plaintiffs' claims in the interests of efficiency and economy. (*See* Pl.'s Br. 1 n.1, ECF No. 35.)

II. <u>Analysis</u>

    A.    **Legal Standard**

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should only be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* at 247-48.

    B.    **Plaintiff is a "Covered Employee" Under the FLSA and Corrections Act**

The issues before the Court primarily concern statutory interpretation. The FLSA states that overtime provisions do not apply to "[a]ny employee to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1) (2012). The Motor Carrier Act ("MCA") provides for federal regulatory authority with respect to "qualifications and maximum hours of

service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b)(2). As written, those two statutory sections exempt employees such as Plaintiff from being paid overtime because their work concerns vehicles which are covered by the MCA (the "MCA Exemption").

In 2008, however, Congress enacted the SAFETEA-LU Technical Corrections Act ("Corrections Act"), which made significant alterations to the MCA Exemption from the FLSA. The definition of "covered employees" entitled to FLSA overtime was expanded to include those individuals "whose work, *in whole or in part* . . . [affects] the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce." Pub. L. No. 110-244, § 306(c)(2), 122 Stat. 1572 (emphasis added).

This case turns on whether Plaintiff qualifies as a covered employee as described in the Corrections Act. As noted above, it is undisputed that 49% of Plaintiff's work concerned the operation of a non-commercial vehicle. Moreover, *all* of Plaintiff's employment occurred after the Corrections Act was enacted. If it is determined that Plaintiff worked in part with non-commercial vehicles, she is a "covered employee" and is entitled to FLSA overtime payments notwithstanding the MCA Exemption.

It is well-settled that exemptions from the FLSA are construed narrowly, against the employer. *Packard v. Pittsburgh Transp. Co.*, 418 F.3d 246, 250 (3d Cir. 2005). A party seeking to invoke the MCA Exemption "carries the burden of proving plainly and unmistakably that it is entitled to the exemption. Exemptions from the FLSA constitute an affirmative defense construed narrowly against the employer." *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920, 927 (W.D. Pa. 2011) (citing *Packard*, 418 F.3d at 250) (internal citations omitted).

"Neither the language of the FLSA nor the [MCA Exemption] indicates how to categorize individuals who operate commercial motor vehicles and non-commercial motor vehicles." *Avery*

4

*v. Chariots For Hire*, 748 F. Supp. 2d 492, 499 (D. Md. 2010). Courts that have considered the issue of mixed fleets are divided on the proper approach.

Some courts have held that the Corrections Act/FLSA applies so long as the plaintiff's work on non-commercial vehicles is considered more than *de minimis*. *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, No. 11-24432, 2012 WL 3962935, at *4 (S.D. Fla. Sept. 11, 2012). Moreover, according to the Eastern District of Pennsylvania, under the Corrections Act:

> [A]n employee who works on or with non-commercial motor vehicles (i.e., vehicles weighing less than 10,000 pounds) may now be entitled to overtime compensation. The employee may still qualify for overtime even if part of his or her duties involve commercial motor vehicles. Section 306(c) clearly states that the employee's work need only "in whole or in part" affect the safety of operation of vehicles weighing 10,000 pounds or less. An employee working on a 10,001 pound vehicle two days a week and a 5,000 pound vehicle the remaining days of the week appears to satisfy this requirement. In short, the employees must simply perform some work on such vehicles.

*Mayan v. Rydbom Express, Inc.*, No. 07-2658, 2009 WL 3152136, at *4 (E.D. Pa. Sept. 30, 2009).

Similarly, in *Hernandez v. Alpine Logistics, LLC*, the Western District of New York held that "Congress determined that even if the [MCA] Exemption applied to certain drivers, those drivers would still nevertheless be entitled to overtime compensation if they qualified as 'covered employees'" because "Section 306, clearly and unmistakably provides that notwithstanding the existence of the [MCA] Exemption, employees who work on exclusively or in part on [non-commercial vehicles] are entitled to overtime compensation." No. 08-6254, 2011 WL 3800031, at *14, *17-18 (W.D.N.Y. Aug. 29, 2011).

In other jurisdictions, however, the view is that the MCA Exemption applies, and the Corrections Act/FLSA does not, so long as the time an employee spends operating commercial motor vehicles is more than *de minimis*. *Avery*, 748 F. Supp. 2d at 500; *Buckner v. United Parcel Service, Inc.*, No. 09-411, 2012 WL 1596726, at *5 (E.D.N.C. May 7, 2012) (holding that the plaintiff remained exempt under the MCA because "he regularly operated [non-commercial

5

vehicles] throughout the course of his employment with UPS."), *aff'd*, 489 F. App'x 709 (4th Cir. 2012); *Dalton v. Sabo, Inc.*, No. 09-358, 2010 WL 1325613, at *4 (D. Or. Apr. 1, 2010) (holding that the MCA Exemption applied to plaintiffs that performed maintenance on a fleet that consisted of vehicles weighing both more and less than 10,000 pounds); *Hernandez v. Brink's, Inc.*, No. 08-20717, 2009 WL 113406, at *6 (S.D. Fla. Jan. 15, 2009) ("[W]hen mixed activities occur, the [MCA Exemption] favors coverage of the employee during the course of employment.").

Plaintiff argues that *Avery* and *Buckner*, which held that the MCA Exemption applies to workers who drive commercial vehicles for virtually any amount of time, are readily distinguishable from the case at bar. Plaintiff asserts that in *Avery*, the non-commercial vehicles were designed to transport at least eight (8) passengers and thus were covered by the MCA Exemption even after the enactment of the Corrections Act. *See Avery*, 748 F. Supp. 2d at 498-99 (citing Pub. L. No. 110-244, § 306(c)(2)(B)(i)). In addition, Plaintiff asserts that the language Defendant relies on is *dicta* because the defendant's fleet in *Avery* included only one non-commercial vehicle out of twenty-eight (28) in the total fleet. *Avery*, 748 F. Supp. 2d at 492. Moreover, Plaintiff points out that in *Buckner*, the plaintiff drove commercial vehicles but only "may have" driven non-commercial vehicles, and thus the *Buckner* court did not examine the plaintiff's claims under the Corrections Act. *See Buckner*, 2012 WL 1596726, at *5 n.3.

Defendant argues that *Mayan* and *Hernandez* are distinguishable. In *Hernandez*, the employer had twenty-four (24) non-commercial vehicles and only two (2) commercial vehicles. *See Hernandez*, 2011 WL 3800031, at *2. In *Mayan*, two-thirds were non-commercial vehicles and one-third of the vehicles were commercial vehicles. *See Mayan*, 2009 WL 3152136, at *1.

Although the plaintiffs in both *Hernandez* and *Mayan* worked with qualified vehicles at a higher percentage than Plaintiff in the present case, this does not bar Plaintiff from qualifying as a "covered employee" under the FLSA because she still worked with qualified vehicles "in part." As

6

set forth by the Parties, it is undisputed that 49% of the days Plaintiff worked for Defendant, she was assigned to a non-commercial vehicle. The Corrections Act clearly defines a covered employee to include individuals "whose work, in whole or in part . . . affect[s] the safety of operation of" non-commercial vehicles. Pub. L. No. 110-244, § 306(c)(2). It is embedded in the very definition of "covered employees" that an employee's work need only involve the operation of non-commercial vehicles, *in part*, to be entitled to overtime. *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 3962935, at *4 (S.D. Fla. Sept. 11, 2012).

Here, although "*de minimis*" does not lend itself to a simple quantitative definition, 49% is clearly more than *de minimis* and the Court need not resolve the issue further. Thus, Plaintiff is eligible for overtime under the FLSA as a "covered employee."

C.     **Plaintiff is Entitled to Overtime Pay for Every Hour Worked Over Forty Hours**

Defendant relies on *Avery* for the contention that Plaintiff should only be paid for overtime for half of the hours that she works above the normal forty hour work week. (Def.'s Opp'n Br. 8.) For example, if Plaintiff worked 44 hours in a week, she would only be entitled to 2 hours at the overtime rate because she only worked approximately half of her time in a vehicle which qualifies her as a covered employee under the FLSA. The *Avery* court, in *dicta*, stated that "[i]n some situations where use of non-commercial motor vehicle wholly predominates and the use of commercial motor vehicles is of very limited duration or extent, it may be appropriate to differentiate between employees or to apply the [MCA] exemption only for those periods of time when employees were operating commercial vehicles." *Avery*, 748 F. Supp. 2d at 500.

*Avery* and Defendant's reading of the Corrections Act is too rigid and does not properly reflect Congress' intent. The Corrections Act states that a worker qualifies as a "covered employee" if she works in whole or in part on non-commercial vehicles. There is nothing in the Act which indicates that a "covered employee" is only covered by the FLSA for the portion of the

7

time that she works on non-commercial vehicles. This reading is required in light of the fact that exceptions from the FLSA must be narrowly construed against the employer. *See Packard*, 418 F.3d at 250. As such, Plaintiff is entitled to overtime for all time worked over forty hours in a given workweek.

### III. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion for Summary Judgment is DENIED. An Order consistent with this Opinion will be entered.

*[signature]*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: March 26, 2013