# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ASHLEY MCMASTER, individually and
on behalf of all similarly situated employees,:

            Plaintiff,

      v.

EASTERN ARMORED SERVICES, INC.,

            Defendant.

**Civil Action No. 11-5100 (MAS)(TJB)**

**MEMORANDUM ORDER**

This matter comes before the Court on Defendant Eastern Armored Services, Inc.'s ("Defendant") motion to amend the Court's March 26, 2013 Order to certify it for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and to stay the proceedings pending appeal to the Third Circuit. (Def.'s Br., ECF No. 53-1.) Plaintiff Ashley McMaster ("Plaintiff") filed Opposition. (Pl.'s Opp'n, ECF No. 54.) Defendant filed a Reply. (Def.'s Reply, ECF No. 55.) The Court has carefully considered the submissions and has decided the motion without oral argument pursuant to Local Civil Rule 78.1.

The Court concludes that Defendant has established the three elements of § 1292(b) necessary for the Court to certify its Order for interlocutory appeal. First, the Court's Memorandum Opinion and Order involved a controlling question of law. Second, substantial grounds for difference of opinion exist regarding the definition of "covered employees" entitled to Fair Labor Standards Act ("FLSA") overtime compensation as described in the SAFETEA-LU Technical Corrections Act ("TCA"). Pub. L. No. 110–244, § 306(c)(2), 122 Stat. 1572 (expanding the definition of "covered employees" entitled to FLSA overtime to include individuals who work "in whole or in part" on non-commercial vehicles). Indeed, this Court's

Opinion acknowledged the split amongst district courts regarding the application of the TCA's definition for employees who work on mixed fleets—part non-commercial vehicles and part commercial vehicles—and to what extent these employees qualify for overtime compensation under the FLSA. (Mem. Op., ECF No. 50, at 5-6.) Third, a definitive, appellate ruling on the application of the TCA's definition regarding overtime compensation for employees who work on mixed fleets would "materially advance the ultimate termination of the litigation," especially with regard to the twenty-five opt-in plaintiffs. § 1292(b). Based on the foregoing, and other good cause shown,

**IT IS** on this ~~14~~th day of November, 2013, **ORDERED** that:

1) Defendant's motion to amend is **GRANTED** and the Court's March 26 Order is hereby amended to allow Defendant to seek an interlocutory appeal of the Order.

    a) The questions and issues presented in the March 26 Order and accompanying Memorandum Opinion are hereby certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

    b) Defendant must file its petition to the Third Circuit pursuant to 28 U.S.C. § 1292(b) within ten (10) days from the date of this order.

2) Defendant's motion to stay is **GRANTED** in part and **DENIED** in part.

    a) Discovery regarding the twenty-five (25) opt-in plaintiffs shall proceed, but all other proceedings regarding Plaintiff Ashley McMaster and the twenty-five (25) opt-in plaintiffs are stayed pending the outcome of Defendant's petition for leave to file an interlocutory appeal in the Third Circuit.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

2